**IN THE UNITED STATES DISTRICT COURT**
**FORTHE NORTHERN DISTRICT OF WEST VIRGINIA**
**Clarksburg**

**DARUS ZEHRBACH,**

        Petitioner,

   v.                         **Crim. Action No.**   **1:18-CR-60**
                                       **Civil Action No.**    **1:20-CV-266**

**USA,**

        Respondent.

## <u>REPORT AND RECOMMENDATION</u>

### I.      INTRODUCTION

On December 7, 2020, Darus Zehrbach ("petitioner"), proceeding *pro se*, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Civil Action Number 1:20-CV-266 Doc. 1; Criminal Action Number 1:18-CR-60 Doc. 66].[1]  On December 8, 2020, the Court directed respondent to file an answer. [Doc. 68].   Respondent filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment on January 4, 2021.  [Doc. 71].  Petitioner filed a response to the Motion on January 25, 2021.  [Doc. 72].  Since then, petitioner has filed an additional four motions relating to the habeas petition.  [Docs. 75, 76, 77, & 78].  This matter is currently pending before the undersigned for a Report and Recommendation pursuant to LR PL P 2.  For the reasons stated below, the undersigned recommends that the District Judge dismiss the petition for lack of jurisdiction and deny the pending motions as moot.

---

[1] From this point forward, all document numbers refer to petitioner's criminal action.

## II.     PROCEDURAL HISTORY

**A. Conviction and Sentence**

On June 1, 2018, petitioner was sent a target letter informing him that he was the subject of an investigation into Smuggling Goods from the United States in violation of 18 U.S.C. § 554.   On December 10, 2018, the United States Attorney filed Information charging petitioner with making a false statement to a federal agent in violation of 18 U.S.C. § 1001(a)(2).   On January 17, 2019, petitioner appeared before the undersigned for a plea hearing at which he entered a plea of guilty pursuant to a plea agreement; that plea agreement included an appeal waiver.   On April 24, 2019, petitioner was sentenced to a term of six months imprisonment, to be followed by twelve months of supervised release.

**B. Appeal**

On April 26, 2019, petitioner filed a Notice of Appeal.   On appeal, petitioner's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), conceding that there were not meritorious issues for appeal outside the scope of the appeal waiver. The Fourth Circuit affirmed petitioner's conviction.

**C. Subsequent Release**

Petitioner completed his term of imprisonment and was released on December 5, 2019.   Petitioner then completed one year of supervised release and on December 4, 2020, petitioner's supervised release was terminated.

**D. Federal Habeas Corpus**

On December 7, 2020, this Court received the instant petition.   In his petition, petitioner raises four grounds for relief: first, that his appellate counsel was ineffective for

stating that defendant did not have a factory in China, "siding completely with the Prosecution." [Doc. 66 at 15].  Second, that his appellate counsel was similarly ineffective for stating "that the Judge never justified or explained the reason for converting the case from probation to prison and or his view of the case" when the Judge had in fact stated his reasons.  [Id.].  Third, petitioner contends the appellate court's judgment was illogical because it ruled that regardless of whether the underlying acts were illegal, the statement defendant made to the agent was false.  [Id. at 17].  Finally, petitioner argues that "Jeff Harris, who represented Defendant at a ½ day meeting in the Morgantown Public Library" was ineffective and misinformed petitioner about the case.  [Id. at 18].  For relief, petitioner asks that the Court vacate the sentence and conviction.

### III.    STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a prisoner may file a motion challenging the sentence imposed by a federal court, "if (1) the sentence violates the Constitution or laws of the United States; (2) the sentencing court lacked jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum; or (4) the sentence 'is otherwise subject to collateral attack.'"  *Beyle v. United States*, 269 F. Supp. 3d 716, 725 (E.D. Va. 2017) (quoting 28 U.S.C. § 2255(a)).  "A sentence is 'otherwise subject to collateral attack,' if a petitioner shows that the proceedings suffered from 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  *Id*. (quoting *United States v. Addonizio*, 442 U.S. 178, 185 (1979)).  "A petitioner bears the burden of proving one of those grounds by a preponderance of the evidence."  *Id*. (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)).  "If he satisfies that burden, the court may vacate, set aside, or correct the sentence."  *Id*. (citing 28 U.S.C. § 2255(b)).  "However, if the motion,

3

when viewed against the record, shows that the petitioner is entitled to no relief, the court may summarily deny the motion." *Id*. (citing *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970)).

## A.  Motion to Dismiss

A complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is plausible on its face.' *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007) (emphasis added)." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiffs, and must view the allegations in a light most favorable to the plaintiffs. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. *Anheuser-Busch, Inc. v. Schmoke*, 63 F.3d 1305, 1312 (4th Cir. 1995).  In *Twombly*, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Id. at 555, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." *Id*. at 570.

This Court is well aware that "[m]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." *Williams v. Branker*, 462 F. App'x 348, 352 (4th Cir. 2012).  "Ordinarily, a court may not consider any documents that are outside of

the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." ***Witthohn v. Fed. Ins. Co.***, 164 F. App'x 395, 396 (4th Cir. 2006).  However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint.  *Id*. at 396–97.

### B.  Motion for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see* ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322 (1986).  A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248 (1986).  Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  ***Anderson***, 477 U.S. at 250.

Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts***." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586 (1986).  That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial.  Fed. R. Civ. P. 56(c); ***Celotex Corp.***, 477 U.S. at 323–25; ***Anderson***, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly

probative, summary judgment may be granted." ***Anderson***, 477 U.S. at 249 (citations omitted).

Finally, this Court notes that pro se allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed. ***Haines v. Kerner***, 404 U.S. 519, 520 (1972); ***Hudspeth v. Figgins***, 584 F.2d 1345, 1347 (4th Cir. 1978).

## IV.    ANALYSIS

Section 2255(a) provides that "[a] prisoner *in custody* under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."  28 U.S.C.A. § 2255 (emphasis added).  "We have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."  ***Maleng v. Cook***, 490 U.S. 488, 490–91 (1989).

As this Court has summarized,

"The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." ***Hensley v. Municipal Court***, 411 U.S. 345, 351 (1973). A prisoner meets the custody requirements of habeas corpus if he is incarcerated at the time he files the petition.  ***Carafas v. LaVallee***, 391 U.S. 234, 238 (1968); ***United States v. Bryson***, 981 F.2d 720, 726 (4th Cir.

1992). This remains true even if a defendant is released from prison during the pendency of the § 2255 motion. *Id*.

*Morgan v. United States*, No. 5:15-CR-68, 2018 WL 4264600, at *4 (N.D. W.Va. Sept. 6, 2018) (Bailey, J.). "Once a prisoner's sentence has completely expired, he is not 'in custody' notwithstanding any collateral consequences of the sentence, which 'are not themselves sufficient to render an individual "in custody" for the purpose of a habeas attack on it.'" *Abner v. United States*, No. 3:01-CR-00125-MR-1, 2021 WL 3292753, at *1 (W.D.N.C. Aug. 2, 2021) (Reidinger, C.J.) (quoting *Maleng*, 490 U.S. at 492). The "in custody" requirement is jurisdictional, and if it is not met this Court must dismiss the petition. *Maleng*, 490 U.S. at 490.

In this case, the custody requirement is not met. According to the BOP website, petitioner was released from custody on December 5, 2019. Because he then began a term of supervised release, he was still "in custody" for purposes of the custody requirement. One year later, on December 4, 2020, the Court entered an Order discharging petitioner from supervised release. [Doc. 65]. At that point, he was no longer "in custody." Three days later, on December 7, 2020, petitioner filed his habeas petition. [Doc. 66]. The docket reflects that the petition was hand-delivered to the Clerk's office. The undersigned notes that petitioner dated his petition December 2, 2020, prior to the expiration of his supervised release. Further, in the attached certificate of service and in his response to the pending Motion, petitioner represents that he mailed a copy of the petition to respondent on December 3, 2020.[2] Petitioner contends that he timely filed his

---

[2] The Certificate of Service actually states that the copy was mailed "2/3/2020;" this is presumably a typographical error.

petition because he mailed that copy prior to the end of his sentence.  [Doc. 72 at 1].

Petitioner is presumably relying on the "mailbox rule," under which a petition filed by a *pro se* prisoner is deemed filed upon delivery to prison mailroom officials.  ***U.S. v. McNeill***, 523 Fed. App'x 979, 981 (4th Cir. 2013); ***Houston v. Lack***, 487 U.S. 266, 266 (1988) ("Under Rule 4(a)(1), *pro se* prisoners' notices of appeal are 'filed' at the moment of delivery to prison authorities for forwarding to the district court.").  This rule applies to the vast majority of *pro se* § 2255 petitions, because they are most commonly filed by prisoners.  However, the rule does not apply generally to all *pro se* litigants.  ***Bailey-El v. Hous. Auth. of Baltimore City***, 185 F. Supp. 3d 661, 675 (D. Md. 2016), *aff'd in part, vacated in part, remanded*, 686 F. App'x 228 (4th Cir. 2017).  Therefore, the petition was filed on December 7, 2020, after petitioner was no longer "in custody," and this Court is without jurisdiction in this case.  Accordingly, the case should be dismissed.

## V.    RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [**Civil Action Number 1:20-CV-266 Doc. 1; Criminal Action Number 1:18-CR-60 Doc. 66**] be **DENIED** and **DISMISSED without prejudice** for lack of jurisdiction.  Further, the undersigned recommends that the Motion to Dismiss [**Doc. 71**] be **DENIED AS MOOT** and that the petitioner's Motion for Sanctions, Motion for Partial Summary Judgment, Motion to Set a Hearing Date, and addendum to the Motion for Sanctions [**Docs. 75, 76, 77, & 78**] be **DENIED AS MOOT**.

Within fourteen days after service of this Report and Recommendation, either party may file with the Clerk of this Court**, specific written objections, identifying the**

**portions of the Report and Recommendation to which objection is made, and the basis of such objection**.  A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave  to exceed the page  limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour***, 889 F.2d 1363 (4th Cir. 1989); ***Thomas v. Arn***, 474 U.S. 140 (1985); ***Wright v. Collins***, 766 F.2d 841 (4th Cir. 1985); ***United States v. Schronce***, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the  petitioner by certified mail, return receipt requested, to his last known address as shown on the docket  sheet. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

**DATED**:  June 2, 2022.

/s/ Michael John Aloi
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE